UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ZICHERMAN, Derivatively on Behalf of HEMISPHERX BIOPHARMA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM A. CARTER, *et al.*,<br><br>Defendants,<br><br>- and -<br><br>HEMISPHERX BIOPHARMA, INC., a Delaware corporation,<br><br>Nominal Defendant. | Case No. 2:13-cv-00243<br><br>Hon. Wendy Beetlestone |

## FINAL ORDER AND JUDGMENT

A final settlement hearing (the "Settlement Hearing") was held before this Court on September 29, 2016, pursuant to this Court's Order of May 27, 2016 (the "Preliminary Approval Order"), as amended by the Court's September 19, 2016 Order rescheduling the date of the Settlement Hearing, to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated April 22, 2016 (the "Stipulation"), which is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Parties; and (iii) whether to grant Plaintiffs' Counsel's application for an award of fees and reimbursement of expenses. After due and sufficient notice having been given in accordance

with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Actions embodied in the Stipulation (the "Settlement") or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefor,

**THE COURT HEREBY FINDS AND ORDERS** as follows:

1. All capitalized terms used in this Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned action (the "Action")[1] and the Parties.

3. The Court hereby grants final approval to the Stipulation and the Settlement set forth therein, and finds that the Settlement and terms of the Stipulation are fair, reasonable, and adequate, and in the best interests of Hemispherx Biopharma, Inc. ("Hemispherx") and Hemispherx Shareholders.

4. The Court finds for purposes of the Settlement that: (i) the Action was brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Plaintiffs and Plaintiffs' Counsel fairly and adequately represented the interests of Hemispherx and Hemispherx Shareholders.

5. Pursuant to the Preliminary Approval Order, a form and manner of the proposed Notice of Proposed Settlement of Derivative Actions, Final Settlement Hearing, and Right to

---

[1] The Settlement also resolves the claims alleged in the related consolidated action *In re Hemispherx Biopharma, Inc. Shareholder Derivative Litigation*, No. 13-0300110 (Court of Common Pleas of Philadelphia County, Pennsylvania).

Appear (the "Notice") and a form of the Summary Notice of Proposed Settlement of Derivative Actions, Final Settlement Hearing, and Right to Appear (the "Summary Notice") were approved by the Court. Counsel for Hemispherx has filed with the Court proof of compliance with the approved Settlement notice procedures. Based on that submission, the Court finds that: (a) Hemispherx published the Notice in its June 8, 2016 Form 8-K; (b) Hemispherx published the Stipulation and Notice on its Company website; and (c) the Summary Notice was published at least one time each in the national editions of *Investor's Business Daily* within ten (10) business days following the date of the Preliminary Approval Order. The Court finds that the forms and methods of notice described above satisfy the requirements of the Federal Rules of Civil Procedure and due process, constitute reasonable notice under the circumstances, and constitute due and sufficient notice to Hemispherx Stockholders of the Settlement and matters to be considered at the Settlement Hearing.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Action and all claims therein are hereby dismissed with prejudice as to all of the Defendants. The Parties shall bear their own fees, costs, and/or expenses except as provided in Paragraph 17 below or as otherwise provided in the Stipulation and the Preliminary Approval Order.

8. Upon the Effective Date, Plaintiffs, Hemispherx, and all Hemispherx Stockholders (derivatively on behalf of Hemispherx) shall, by operation of this Judgment and to the fullest extent allowed by law, (i) release and be deemed to release and forever discharge the Released Plaintiff Claims against the Released Defendant Persons, (ii) covenant and be deemed

3

to covenant not to sue any of the Released Defendant Persons with regard to any Released Plaintiff Claims; and (iii) forever be barred and enjoined from asserting any Released Plaintiff Claims against any Released Defendant Persons.

9. Upon the Effective Date, Hemispherx and the Individual Defendants, by operation of this Judgment and to the fullest extent allowed by law, shall: (i) release and be deemed to release and forever discharge the Released Defendant Claims against the Released Plaintiff Persons, (ii) covenant and be deemed to covenant not to sue any of the Released Plaintiff Persons with regard to any Released Defendant Claims, and (iii) forever be barred and enjoined from asserting any Released Defendant Claims against any Released Plaintiff Persons.

10. Plaintiffs, the Individual Defendants, and Hemispherx expressly acknowledge, and all Hemispherx Stockholders shall be deemed to acknowledge, that he, she, it, or they have been advised by his, her, its, or their attorney concerning, and/or are familiar with, the provisions of California Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11. With respect to any of the Released Plaintiff Claims and Released Defendant Claims, the Parties stipulate and agree that upon the occurrence of the Effective Date, Plaintiffs, Hemispherx, the Individual Defendants, and all Hemispherx Shareholders shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to

Cal. Civ. Code § 1542. Plaintiffs, Hemispherx, and the Individual Defendants acknowledge, and Hemispherx Shareholders by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Plaintiff Claims and Released Defendant Claims, but that it is the intention of Plaintiffs, Hemispherx, and the Individual Defendants, and by operation of law Hemispherx Shareholders, to completely, fully, finally and forever extinguish any and all Released Plaintiff Claims and Released Defendant Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs, Hemispherx, and the Individual Defendants acknowledge, and Hemispherx Shareholders by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement.

12. This Settlement shall be a final and complete resolution of all disputes among the Parties with respect to the Actions.

13. Pending the occurrence of the Effective Date, no person may institute, commence, or prosecute any action that asserts Released Claims against any of the Released Parties.

14. Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions, and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession, or an admission by any Party in the Action, any signatory to the Stipulation, or any Released Party of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or any other actions or

proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Judgement in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Party to prevent or terminate institution, commencement, or prosecution of any action that asserts Released Claims against any of the Released Parties.

15. In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation: (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Settling Parties shall be deemed to have reverted to their positions as of immediately prior to the execution of the Stipulation.

16. Plaintiffs' Counsel are hereby awarded $600,000 as attorneys' fees, which amount includes reimbursement of expenses and costs incurred in connection with the Actions. This amount has already been paid to Federman & Sherwood as receiving agent for Plaintiffs' Counsel pursuant to paragraph 5.2 of the Stipulation. After hearing argument at the Settlement Hearing on whether Plaintiffs' Counsel are entitled to an additional payment pursuant to paragraphs 5.1 and 5.2 of the Stipulation, the Court hereby finds that Plaintiffs' Counsel are entitled to an additional payment in the amount of $60,000, which shall be paid within twenty (20) business days of the date of this Order. Plaintiffs' Counsel shall not seek or receive any further payment pursuant to paragraphs 5.1 and 5.2 of the Stipulation. Plaintiffs' Counsel shall be solely responsible for the distribution of attorneys' fees and expenses among Plaintiffs'

6

Counsel. Plaintiffs' Counsel shall also be solely responsible for the distribution of the incentive fee set forth in paragraph 17 below, which shall be paid from, not in addition to, the attorneys' fees awarded by this Order and specified in this paragraph, pursuant to the terms set forth in paragraph 5.1 of the Stipulation.

17. Plaintiffs are hereby awarded an incentive fee in the combined amount of $6,000, to be paid in accordance with the terms of the Stipulation.

Dated: October 4th, 2016

The Honorable Wendy Beetlestone
United States District Court Judge